**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| STACY CONRAD, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 4:26-cv-00250-JJV |
| | * | |
| FRANK BISIGNANO, | * | |
| Commissioner of the | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM & ORDER**

Stacy Conrad, Plaintiff, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. Both parties have submitted briefs, and this case is ready for a decision.

The court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported

an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence. Therefore, I find the Complaint should be DISMISSED.

Plaintiff will very soon be fifty-six years old. (Tr. 44.) She has a high school education and past relevant work as a payroll administrator. (Tr. 45.)

The ALJ[1] first found Ms. Conrad has not engaged in substantial gainful activity since January 5, 2024 - the alleged onset date. (Tr. 27.) She has a "severe" impairment in the form of degenerative disc disease. (Tr. 27.) The ALJ further found that Ms. Conrad did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 29.)

The ALJ determined Ms. Conrad had the residual functional capacity (RFC) to perform a reduced range of sedentary work given her impairments. (*Id.*) The ALJ utilized the services of a vocational expert (VE) to help determine what jobs Plaintiff could perform despite her impairments. Based in part on the testimony of the VE, (Tr. 55-58), the ALJ determined she could perform her past relevant work. (Tr. 33.) Accordingly, the ALJ determined Ms. Conrad was not

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

disabled. (Tr. 33-34.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Plaintiff argues that the ALJ misidentified her past job as a payroll clerk and, thus, relied on a position that could not be considered as past relevant work in determining she was not disabled. (Doc. No. 9 at 3-9.) Plaintiff says:

> The ALJ relied on erroneous VE testimony based on an insufficient and inaccurate understanding of Conrad's past work when evaluating Step Four of the sequential evaluation. The ALJ accepted the testimony of the VE who identified Plaintiff's past work as payroll clerk, identified by Dictionary of Occupational Titles ("DOT") No. 215.382-014, which is a sedentary and semi-skilled position, with an SVP of 4. (Tr. at 33, 56.) The ALJ's finding that Plaintiff's past work consisted of her sole role as a payroll clerk was in direct conflict with the information Conrad provided regarding this job and the DOT. The evidence demonstrates the VE identified a job that failed to capture the core functions of Conrad's past work, and failed to consider: (1) the duties performed by Plaintiff in her job that exceeded the tasks required of a payroll clerk; (2) the additional position of trucking terminal administrator; and (3) the fact that Conrad's prior work was a composite job.

(*Id.* at 4.)

I have carefully considered Plaintiff's argument on this point and find it to be without merit. As the Commissioner points out, at the administrative hearing the VE asked, "Just to confirm, based on work history 2 and 6E, it looks like Payroll Clerk is what I'm classifying, is that correct?" (Tr. 56.) The ALJ then asked Plaintiff, "Would that be your position, Ms. Conrad," to which she answered, "That would be good, yes." (*Id.*) Based on this exchange alone, I find no error. But Plaintiff's description of her past work – descriptions relied upon by the VE – also fully supports a sedentary work profile. (Tr. 245, 254, 265.) Additionally, I am persuaded by the United States Court of Appeals for the Seventh Circuit's holding in *Leisgang v. Kijakazi*, 72

F.4th 216, 220 (7th Cir. 2023). The Seventh Circuit held:

> What all this means as a practical matter is that the ALJ is better suited than we are to unpack and untangle objections and concerns regarding the VE's methodology in the first instance. And the ALJ is best positioned to do so when the claimant identifies those objections and concerns expressly, allowing the proper development of the evidentiary record in real time. For the same reasons, several other circuits generally require claimants to exhaust their arguments at the administrative level, with a limited exception for constitutional claims arising out of the Appointments Clause.

*Id.* (citations omitted.)

Just as in *Leisgang*, Plaintiff made no objection to the VE's identification of Plaintiff's past work. In fact, she confirmed it. (Tr. 56.) Accordingly, I find no error here.

Plaintiff also argues that the ALJ disregarded Plaintiff's back pain and impairment when formulating her RFC. (Doc. No. 9 at 10-20.) She argues:

> The ALJ found that Plaintiff suffered from the lone severe impairment of degenerative disc disease. (Tr. at 27.) Notably absent from the ALJ's findings of severe impairments are Plaintiff's additional impairments of chronic pain syndrome, post-laminectomy syndrome of the lumbar region or failed back syndrome, and chronic pain associated with significant psychosocial dysfunction. The record demonstrates that Conrad received continued treatment for all of these impairments, and these maladies are distinctly different from degenerative disc disease, thereby requiring the ALJ's evaluation of these impairments at Step Two and the subsequent steps of the sequential evaluation.

(*Id.* at 10.)

The Commissioner responds,

> Plaintiff's next claims that because the ALJ only wrote "degenerative disc disease" as a severe impairment, the ALJ ignored evidence of Plaintiff's other impairments in reaching the RFC finding, such as chronic pain syndrome, post-laminectomy syndrome of the lumbar region or failed back syndrome, and chronic pain associated with significant psychosocial dysfunction (Pl. Br. 10- 20). However, the ALJ discussed these impairments when reviewing the entirety of the evidence in his evaluation of Plaintiff's RFC, and the fact that he grouped all of Plaintiff's back pain causing impairments under the umbrella term of "degenerative disc disease" does not deprive his conclusions of substantial evidence.

(Doc. No. 13 at 7.)

I agree with the Commissioner on this point. After carefully reviewing the briefs and the transcript, including the ALJ's opinion, I find the ALJ fully and fairly considered Plaintiff's claim of disability. Undoubtedly this is a close case. Plaintiff has some serious back issues and clearly suffers from some degree of pain and limitation. But ultimately, I am persuaded by the Commissioner's argument that, "Plaintiff's arguments largely amount to a request for the Court to reweigh the evidence and reach a different conclusion." (*Id.* at 8); *Austin v. Kijakazi*, 52 F.4th 723, 730 (8th Cir. 2022) (quoting *Schmitt v. Kijakazi*, 27 F.4th 1353, 1361 (8th Cir. 2022)).

As the ALJ noted, Ms. Conrad engages in many activities of daily living. She is able to complete household chores including laundry, vacuuming, doing tasks that require standing like washing the dishes, preparing meals, feed her chickens, collecting eggs, tending to her garden, and mowing her lawn on a riding lawnmower. (Tr. 30, 273-279.) Additionally, Plaintiff stated she is able to run errands, drive to the grocery store and "hang out" or have lunch with others twice a month. (*Id.*) I recognize - as did the ALJ - that Plaintiff has to "take things at a slower pace," but these activities are consistent with the demands of sedentary work.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

And Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case

possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

Counsel has done an admirable job advocating for Plaintiff's rights. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

DATED this 19th day of August 2026.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE